IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. **6:19-CV-190** |
| | § | |
| WEST REST HAVEN, INC. | § | **JURY DEMANDED** |
| | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, ADMIRAL INSURANCE COMPANY, Plaintiff in the above-styled and numbered cause, complaining of WEST REST HAVEN, INC., and would respectfully show this Honorable Court as follows:

## I.
## INTRODUCTION

1. Plaintiff herein seeks a declaratory judgment that it is entitled to proceeds from settlements between its insured, the Defendant herein, and certain tortfeasors, resulting from an explosion that damaged Defendant's commercial building. Plaintiff paid $5,976,258.49 to Defendant under the insurance policy for the damage to the building, and filed its own suit against the tortfeasors, but Defendant settled with those same tortfeasors, failed to pay over any of the settlement amounts to Plaintiff, and thereby impaired Plaintiff's rights. Alternatively, Defendant breached the insurance policy.

## II.
## PARTIES, JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter under 28 U.S.C. §1332(a)(l) because the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) and because there is complete diversity of the parties.

3. Plaintiff, Admiral Insurance Company ("Admiral"), is a citizen of Delaware and Arizona, having its principal place of business in Arizona and being incorporated under the laws of Delaware.

4. Defendant, West Rest Haven, Inc. ("WRH"), is a citizen of Texas, being incorporated under the laws of Texas and having its principal place of business in McLennan County, Texas.

5. Admiral seeks declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure to determine an actual controversy between the parties with respect to the rights and obligations, if any, under the contract of insurance issued by Admiral.

6. This Court has subject matter jurisdiction in this case pursuant to: (1) 28 U.S.C. §1332(a) because this dispute involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000; and (b) 28 U.S.C. §2201 because Admiral seeks a declaration of rights under an insurance policy issued by Admiral.

7. Venue is appropriate in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district, including the Underlying Lawsuits and the explosion giving rise to them.

## III.
## FACTS

8.     This case stems from an explosion and fire at West Fertilizer Company in West, Texas on April 17, 2013.  The explosion and fire caused damage to a nursing home located near the West Fertilizer Company plant owned by WRH.  Admiral issued a commercial property insurance policy ("the Policy") to WRH.[1]  Admiral paid $5,976,258.49 to WRH under the policy for building and business personal property damages sustained by WRH as a result of the explosion made the basis of this lawsuit.

9.     The Policy contains the following language:

**I. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US**

**If any person or organization to or for whom we make payment under this Coverage Part has rights to recover damages from another, those rights are transferred to us to the extent of our payment. That person or organization must do everything necessary to secure our rights and must do nothing after loss to impair them. But you may waive your rights against another party in writing:**

    1. **Prior to a loss to your Covered Property or Covered Income.**

    2. **After a loss to your Covered Property or Covered Income only if, at time of loss, that party is one of the following:**

        a. **Someone insured by this insurance;**

        b. **A business firm:**

            **(1) Owned or controlled by you; or**

            **(2) That owns or controls you; or**

        c. **Your tenant.**

**This will not restrict your insurance.**

---

[1] A true and correct copy of Admiral Policy No. PR000008310-03 is attached hereto and fully incorporated herein as **Exhibit A**.

Admiral is therefore contractually, and equitably, subrogated to any right or claim of WRH against those responsible for the explosion and fire.

10. Adair Grain, Inc. d/b/a West Fertilizer Company ("Adair") owns and operates West Fertilizer Company. CF Industries Sales, LLC, CF Industries, Inc., CF Industries Nitrogen, LLC, CF Enterprises, Inc. ("CF"), International Chemical Company d/b/a Inter-Chem ("Interchem"), El Dorado Chemical Company ("EDCC"), Consolidated Industries, LLC as successor by merger to Therma-Cline, LLC ("Consolidated") and LSB Industries, Inc. ("LSB") supplied agricultural grade ammonium nitrate to West Fertilizer Company for years prior to the explosion. The explosion occurred when a large stockpile of ammonium nitrate, supplied by CF, EDCC and others and stored in the fertilizer mixing building owned by Adair, was heated to the point of detonation.

11. Admiral filed suit against Adair, CF, EDCC, Interchem, Consolidated and LSB styled Cause No. 2013-1716-5, *Admiral v. Adair Grain, Inc. d/b/a West Fertilizer,* in the 414th District Court of McLennan County, Texas seeking reimbursement of the $5,976,258.49 it paid to WRH as a result of the explosion.

12. WRH intervened in originally filed Cause No. 2013-1716 which was consolidated with other cases arising out of the same explosion styled Cause No. 2013-2476-4, *City of West, Texas v. CF Indus. Sales, LLC,* in the 170th District Court of McLennan County, Texas also seeking damages because of the explosion from Adair, CF, EDCC, and others.

13. WRH reached settlements with CF, EDCC, Adair Grain, Interchem, Consolidated and LSB for an amount well in excess of what Admiral paid to WRH under the Policy.

14. Despite being on notice that Admiral sought recovery from CF and EDCC of the amount it paid out to WRH under the policy, WRH settled with CF, EDCC, Adair Grain, Interchem, Consolidated and LSB for amounts in excess of Admiral's subrogation claim, but failed

to remit any of those funds to Admiral.

## IV.
## COUNT I – BREACH OF CONTRACT

15. WRH is in breach of the insurance contract between it and Admiral. All conditions precedent to Defendant's performance of its contractual obligations have been met or performed.

16. As quoted above, the insurance contract states that WRH's "rights to recover damages from another… are transferred to [Admiral] to the extent of [Admiral's] payment." The insurance contract also specifies that "[WRH] must do everything necessary to secure [Admiral's] rights and must do nothing after loss to impair them." WRH breached the insurance contract by settling claims that belonged to Admiral, despite Admiral's ongoing attempt to pursue those rights, and failing to remit such part of those settlement funds that were Admiral's by contract.

## V.
## COUNT II - DECLARATORY JUDGMENT

17. For the reasons set forth above, and pursuant to the provisions of 28 USC § 2201, *et seq.*, Admiral respectfully requests that this Court declare the rights, status and legal relations of the parties in connection with the facts set forth above, the Policy and established law. Specifically, Admiral asks this Court for a declaration that Admiral, pursuant to its contractual, and/or equitable subrogation rights, is entitled to be reimbursed up to the full amount that it paid, $5,976,258.49 out of the settlement amounts received by WRH from CF and/or EDCC.

18. A declaratory judgment action is appropriate in this matter because it will serve a useful purpose in clarifying and settling the legal relations at issue between WRH and Admiral, and will terminate and afford relief from the uncertainty and controversy giving rise to this proceeding.

## VI.
## JURY DEMAND

19. Plaintiff specifically requests a trial by jury of the matters herein.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Admiral, prays that this Court:

1. Render judgment for all recoverable economic and compensatory damages as a result of WRH's breach of the insurance contract, i.e., the Policy;

2. Alternatively, find and declare that Admiral is entitled to be reimbursed out of the settlement amounts received by WRH from Adair, CF and/or EDCC that part of the $5,976,258.49 that it paid but has not been reimbursed;

3. Grant Admiral its costs and fees as allowed by law; and

4. Grant Admiral such other and further relief that the Court deems proper under the facts and circumstances.

Respectfully submitted,

**RYMER, ECHOLS, SLAY
& NELSON-ARCHER, P.C.**

By:  */s/ Nathan M. Rymer*
Nathan M. Rymer
Federal ID No. 18902
State Bar No. 00792814
nrymer@resnlaw.com
2801 Post Oak Blvd., Suite 250
Houston, Texas 77056
Telephone: (713) 626-1550
Facsimile:  (713) 626-1558

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

Joshua Nelson-Archer
Federal ID No. 33193
State Bar No. 24013228
jnelson-archer@resnlaw.com
Laura W. Slay
Federal ID No. 658920
State Bar No. 24045210
lslay@resnlaw.com
Rymer, Echols, Slay & Nelson-Archer, P.C.
2801 Post Oak Blvd., Suite 250
Houston, Texas 77056
Telephone: (713) 626-1550
Facsimile:  (713) 626-1558